IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY EARL JORDAN, #730527, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-0899-P (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation. For the reasons set out below, it is recommended that the District Court transfer the petition for writ of habeas corpus and motion for permission to file a successive habeas petition to the United States Court of Appeals for the Fifth Circuit.

### I. BACKGROUND

Petitioner, a state prisoner, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion for permission to file a successive petition. According to online records, Petitioner was released from the Texas Department of Criminal Justice shortly after the filing of his petition and motion. The Court did not issue process pending preliminary screening.[1]

In 1995, Petitioner was convicted of robbery and sentenced to forty years' imprisonment. *State v. Jordan*, No. F95-02478 (195th District Court, Dallas County), *aff'd* No. 05-95-01244-

---

[1] In light of the successive nature of the habeas petition and Petitioner's recent release from confinement, the Court has not issued a deficiency order requiring a motion to proceed *in forma pauperis* or the $5.00 filing fee.

CR, 1997 WL 335003 (Tex. App. – Dallas, 1997, pet. ref.). Petitioner unsuccessfully challenged his conviction in state and federal habeas corpus proceedings. *See Jordan* v. *Dretke,* No. 3:05-CV-0541-L, (N.D. Tex. 2006) (dismissing section 2254 petition as time barred), *certificate of appealability denied*, No. 06-10778 (5th Cir. 2007); *Ex parte Jordan*, No. WR-40,739-13 (Tex. Crim. App. 2009) (dismissing state application as abuse of the writ and barring future state applications).

In the present action, Petitioner again challenges his 1995 robbery conviction, alleging actual innocence on the basis of newly discovered evidence. (Doc. 2 at 7-11.)[2]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the

---

[2] Because Petitioner mailed his habeas petition while incarcerated (Doc. 1 at 16), and because he seeks to attack his underlying criminal conviction, he satisfies the "in custody" provision of section 2254 and his release from confinement does not render moot his habeas petition. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("in custody" provision requires that petitioner was incarcerated at time petition is filed; criminal conviction has continuing collateral consequences, thus satisfying case-or-controversy requirement).

2

United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for habeas relief under section 2254 challenging his underlying criminal conviction. Therefore, his motion should be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  RECOMMENDATION

For the foregoing reasons, the District Court should **TRANSFER** the petition for writ of habeas corpus and motion for permission to file a successive habeas petition (Doc. 2-3) to the United States Court of Appeals for the Fifth Circuit.

The Clerk of the Court is **directed** to mail a copy of this recommendation to Tommy Jordan, 4918 Burnside Ave., Dallas, Texas 75216. Petitioner is **ordered** to notify the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS." The notice shall contain **only** information pertaining to the change of address and its effective date.

The Clerk of the Court is further **directed** to terminate the case referral.

SIGNED May 9, 2011.

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE